**OLSEN et, Appellants v. WATSON et, Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 1795. Decided February 27, 1945.

D. H. Wysong, Dayton, for appellants.
E. H. & W. B. Turner, Dayton, for appellees.

## OPINION

By NICHOLS, J.

This action originated in the Court of Common Pleas of Montgomery County on June 19, 1925, and is now in this court on appeal by plaintiffs, Walter Olsen and Viola Olsen, from the judgment of that court in favor of defendants, C. P. Watson and Chas. S. Anderson.

The appeal was attempted to be prosecuted as one upon questions of law and fact. On motion of appellees, this court heretofore dismissed the appeal of fact, retained the case as an appeal upon questions of law only, and granted appellant fifteen days in which to have prepared and filed a bill of exceptions, if they so desired. Said fifteen days have long since passed and no bill of exceptions has been filed. As a result, this court is limited to a decision of any errors appearing from the pleadings and the transcript of the docket and journal entries in the Common Pleas Court.

As would be expected, the case has run a stormy course throughout the years intervening from 1925 to the present time, having previously been in this court on petition in error filed by plaintiffs, this court having, on July 13, 1937, passed upon all the errors claimed to have intervened prior to that time and having affirmed the judgment appealed from.

It seems apparent that without a bill of exceptions, the only portion of the record to which we can look for errors at this time is that which took place in the Common Pleas Court subsequent to the former judgment of this court. It would further seem apparent that reference to the various proceedings from the institution of the action to the date of the form-

er judgment of this court would be without purpose and especially so since the trial judge, in an opinion rendered August 21, 1943, has very ably recited a history of the proceedings as shown by the transcript.

In the brief of appellants, the following questions are submitted for consideration of this court:

"1. Did the determination of the issues in case No. 57,467, being a foreclosure action filed on January 29, 1926, and judgment granted on April 24, 1928, judicially vacate, set aside and hold for naught a judgment rendered on January 22, 1927, in this action filed previously—namely, June 19, 1925, especially when the issues are entirely different?

"2. Did the trial court err in granting judgment on the pleadings after judgment was previously granted and not vacated or reversed?—And striking plaintiffs' entry and reply from the files?"

Taking up these questions in their order, it can readily be seen that the first relates only to matters which took place in the Common Pleas Court prior to the former decision of this court affirming the judgment of that court, and cannot be again brought in question at this time.

It is further apparent that in the absence of a bill of exceptions, this court does not now have before it information upon which we can intelligently act since there is not before us any record of the proceedings in case No. 57,467, referred to by counsel. It may be said, however, that the pleadings in this case and the transcript of the docket and journal entries clearly indicate that the only judgment in favor of plaintiffs rendered January 22, 1927, was one wherein the court found defendants to be in default for answer and demurrer and ordered the case sent to the jury for assessment of damages.

The transcript further discloses that such default was opened by the court and defendants allowed to plead, the entry of August 24, 1927, being as follows:

"The default judgment heretofore taken herein by the plaintiffs against these defendants having been waived by counsel for the plaintiffs is hereby suspended."

The transcript further discloses that after the default judgment had been suspended, the cause was tried and submitted to a jury and verdict returned for plaintiffs in the sum of $4,010.00. On motion for new trial, this judgment was set aside by the Common Pleas Court solely on the ground that

the same was not sustained by the required degree of proof. As stated above, any errors in connection with the action of the Common Pleas Court prior to the judgment of this court rendered on July 13, 1927, are not now available to appellants.

Proceeding to answer the second question propounded by appellants, the transcript discloses that the trial court did not grant judgment on the pleadings but granted such judgment upon the pleadings and the evidence. We do not have the evidence before us by way of a bill of exceptions and any error in that respect cannot here be determined.

We note that counsel claims that a "judgment was previously granted and not vacated or reversed." As stated in answer to question No. 1, the judgment of January 22, 1927, was vacated, or at least suspended, the cause tried to a jury, judgment rendered for defendants and subsequently set aside by the Common Pleas Court because not sustained by the evidence.

The error complained of in the court striking from the files "plaintiffs' entry and amended reply to defendants' amended answer" is not very clearly shown by the brief of appellants. Our examination of the transcript of the docket and journal entries shows that during the long course of this litigation certain pleadings had become lost, among which was a third amended answer of defendants. To remedy the situation resulting from such lost pleadings, defendants obtained leave to file a fourth amended answer. Thereafter plaintiffs filed a copy of the original third amended answer with a motion interposed by them. Thereupon defendants moved the court and obtained leave to withdraw their fourth amended answer and to substitute the copy furnished by plaintiffs of the third amended answer. When the cause came on for trial, plaintiffs, without leave of court, filed a reply to the fourth amended answer of defendants which had previously been withdrawn. This reply was stricken from the files. There certainly can be no error in that respect, as reply had previously been filed to the third amended answer of defendants.

We have examined all of the errors assigned and given careful consideration to the claims of appellants and find that there is no prejudicial error apparent upon the record warranting a reversal of the judgment in this case. We refer to the very fine opinion rendered by the Common Pleas Court, of which mention is made above.

The judgment of the Common Pleas Court is affirmed.

HORNBECK, P. J. and GEIGER, J., concur.